# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.  4: 14-CR-1505-TUC-JAS (JR) |
| Plaintiff, | |
| v. | **ORDER** |
| Sonia Cano, | |
| Defendant. | |

Pending before the Court is the Government's Supplemental Memorandum in Support of Its Intent to Use Rule 404(b) Material at Trial (Doc. 72).  After a review of the record and relevant case law, the Court finds that the Government will be allowed to introduce evidence of Defendant's prior alien smuggling activities for the limited purposes contemplated by Federal Rule of Evidence 404(b).  In addition, the Court will give the jury an instruction noting that the evidence is admitted only for the purpose of demonstrating that Defendant had knowledge of the presence of the alien in the trunk of the vehicle.  *See* Ninth Circuit Model Criminal Jury Instruction 2.11, Evidence for Limited Purpose.

Defendant argued both in a pleading (Doc. 74) and at a hearing before the Court that her actions in 2014 leading to this case were so dissimilar from her actions that led to her previous conviction for alien smuggling that introduction of any behavior relating to the previous case would violate the provisions of Rule 404(b).  Specifically, Defendant argued that the only similarity between the cases was that each involved alien smuggling

in a car on Interstate 19 in Arizona. The Government, however, argued that in addition to those similarities, Border Patrol Agents will testify that they were familiar with Defendant, and that her behavior was out of the ordinary on both occasions that she was caught smuggling an alien. The Agents will also testify that Defendant responded nervously to questioning on both occasions, but she interacted normally with Border Patrol Agents on numerous other trips through the Border Patrol checkpoint. And finally, the Agents will testify that Defendant regularly used the same automobile when crossing the checkpoint, but on the two days in question, she was either driving or a passenger in different vehicles.

"Evidence of other acts may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010).[1] Here, Defendant concedes prongs two and three, arguing instead that the prior act is not similar to the event charged in this case and that the evidence from the prior case does not prove a point material to this case. The Court finds that the entirety of the circumstances – including the location of the smuggling activity, behavior of Defendant, and demeanor and denials during questioning – is sufficiently similar between the two events to satisfy prong four. Additionally, testimony from the Border Patrol Agents tends to prove that Defendant had knowledge of the presence of the illegal alien, satisfying prong one.

"[E]ven if all four conditions are met, the evidence may still be excluded if under a Federal Rule of Evidence 403 analysis its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* Testimony regarding Defendant's previous activities is probative of her state of mind during the time in question in this case. To limit the scope of any potential prejudicial content, the Court will give the jury an instruction

---

[1] Unless otherwise indicated, all internal quotations and citations are omitted.

1  limiting use of testimony related to her previous activities to establishing the requisite
2  knowledge in this case. With that limiting instruction, the Court finds that the evidence's
3  probative value is not substantially outweighed by any prejudicial content and will be
4  allowed under both Rule 404(b) and Rule 403.

6      Dated this 13th day of March, 2015.

              Honorable James A. Soto
              United States District Judge