IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>  Plaintiff,<br>v.<br>Sonia Cano,<br>  Defendant. | No.  4: 14-CR-1505-JAS(JR)<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Admit Witness Testimony. Because the proposed testimony makes facts of consequence – namely, whether Defendant travelled frequently through a checkpoint with a passenger and whether Defendant was aware of checkpoint procedures – more probable than without the testimony, it will be admitted.

The Government advances several arguments in support of precluding the proffered testimony. First, the Government argues that the additional witness testimony does not, in fact, impeach Agent Duran's credibility, because it is possible for both accounts to be true: that Agent Duran only saw Defendant travel alone except for the day she was arrested for alien smuggling, and that the witnesses frequently traveled with Defendant through the checkpoint. Although the Government is technically correct that both accounts are possible, if the witnesses' testimony is believed, it could make the Border Patrol Agent's testimony less *likely* to be true. That likelihood is all that is required under the Rules. Fed. R. Evid. 401.

The Government also argues that the witnesses are not competent to testify because they do not have personal knowledge of the events that the Border Patrol Agents are testifying about. However, that misstates the point of the proffered testimony, which is to cast doubt on the Agents' testimony by showing that Defendant repeatedly crossed through checkpoints with passengers. The witnesses can testify as to those crossings of which they have personal knowledge.

Additionally, the government argues that the testimony is an attempt to establish Defendant's innocence by showing that she did not commit crimes on other occasions, in violation of Federal Rule of Evidence 405(a). This argument, too, misstates the purpose and effect of the testimony, which is to cast doubt on the credibility of the Agents' testimony. The Government also argues that the testimony would be cumulative because the Agents will testify that Defendant crossed at other times and was referred to secondary inspection in some of those instances. Again, however, the additional witnesses will apparently state that Defendant crossed through the checkpoint on numerous occasions, a fact which if true makes the Agents' testimony less likely to be true. That is not cumulative, and the testimony will not cause undue delay.

Finally, the Government argues that Defendant is improperly trying to elicit testimony "about the defendant's sum of experiences, state of mind, or about the defendant's or her children's inadmissible hearsay statements to them about the defendant's experiences at the checkpoint." (Doc. 125). None of the testimony proffered by the witnesses will, however, violate those prohibitions. Any hearsay testimony or testimony lacking foundation can be excluded at trial, as can any testimony that is not strictly about the witnesses' own personal experiences and observations.

For the above reasons, Defendant's Motion is GRANTED.

Dated this 8th day of June, 2015.

1
2
3
4             Honorable James A. Soto
5             United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28